UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CALVIN EARL SUGGS, JR. and
NOLAR ANN SUGGS,

      Plaintiffs,

v.                                    Case No: 2:18-cv-420-FtM-99MRM

GLADES COUNTY, GLOBAL
TELEPHONE CO AND BILLING,
DAVID HARDIN, JACK LUNDY,
DANIEL BUSEY and SANDRA
BROWN,

      Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on *Pro Se* Plaintiff Calvin Earl Suggs, Jr.'s Civil Rights Complaint (Doc. 1) filed on June 4, 2018. The case was transferred from the Northern District of Florida to this District on June 12, 2018. Plaintiff did not file a motion to proceed *in forma pauperis* when he filed this action.

The Court has attempted, but cannot discern what, if any, claim Plaintiff is attempting to articulate or what relief he seeks. The Complaint, which is eight pages in length is not a model of clarity, appears to allege claims on behalf of his mother Nolar

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Ann Suggs. Plaintiff has been previously cautioned, in at least three cases in the Middle District of Florida, that he cannot pursue a claim on behalf of another even if she has a valid claim. *See Powers v Ohio*, 499 U.S. 400, 410 (1991) (holding a litigant ordinarily "must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties).

Plaintiff alleges that officers from Moore Haven Correctional Institution, the Glades County, Okeechobee, and Highlands County Sheriff's Departments along with Global Telephone Company and Billing are blocking Plaintiff's mother's telephone, mail, and messages. Plaintiff continues that the United States Postal Service in Okeechobee, Moore Haven, and West Palm Beach have placed spyware on Nolar Sugg's automobile, video cameras in her residence, and made attempts on her life one of which placed her in a coma for eight days. Plaintiff further alleges that members of Nolar Suggs family are running a drug gang importing and distributing narcotics, and committing murder. It also appears that Plaintiff is attempting raise a habeas petition pursuant to 28 U.S.C. § 2254 alleging that he was falsely imprisoned and wrongfully convicted because members of the jury at his trial contained members of the drug gang.

Because Plaintiff is a three-strike litigant, the Court will dismiss the Complaint to Plaintiff re-filing the complaint in a new action accompanied by the requisite $400.00 filing fee. In pertinent part, The Prison Litigation Reform Act (PLRA) contains the following subsection:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a

claims upon which relief may be granted, unless the prisoner
is under imminent danger of serious physical injury.

28 U.S.C. §1915(g). The Court takes judicial notice of the following filings brought by Plaintiff in a federal court that qualify as a dismissal under § 1915(g):

- *Suggs v. Suggs*, Case No. 6:18-cv-512-Orl-41DCI (M.D. Fla. April 30, 2018) (finding the action lacks an arguable basis in law and dismissing under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim).

- *Suggs v. State of Florida*, Case No. 6:18-cv-207-GKS-DCI (M.D. Fla. February 7, 2018) (dismissing under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be given).

- *Suggs v. Family of Nolar Robison*, Case No. 6:17-cv-707-Orl-41GJK (M.D. Fla. April 25, 2017) (dismissing under 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff had not suffered an actual injury in fact).

- *Suggs v. Baldwin County Mental Health*, 1:12-cv-456-WS-M (S.D. Ala. October 1, 2013) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim).

Because Plaintiff is currently incarcerated, has three or more qualifying dismissals, and is not under imminent danger of serious physical injury, this action will be dismissed without prejudice to Plaintiff filing a new civil rights complaint form and paying the full $400.00 filing fee at the time the complaint is filed.

Accordingly, it is now

**ORDERED:**

1. This case is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The Clerk of Court is directed to terminate any pending motions, close the case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of June, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2